OPINION OF THE COURT
David D. Egan, J.
In this case the defendant is charged with manslaughter in the second degree arising out of an incident in which it is alleged that the victim’s death resulted from a "pit bull terrier” dog attacking and biting Robert Barbarita, who died 11 days thereafter.
The defendant has moved for an order prohibiting any form of photography arguing (1) that the applications by the news media are illegal if not made by an attorney in that it would constitute unauthorized practice of law, (2) that the enabling *1099 statute is unconstitutional in that it violates the separation of powers doctrine, and (3) that the enabling act and implementing regulations are unconstitutional per se as being in violation of the First Amendment of the Federal Constitution and defendant’s right to equal protection of the laws.
In seeking to report events in the court the media is not practicing law. They are practicing their trade, i.e., recording the news for delivery to the general public. The media application to report courtroom events is on a form set forth in 22 NYCRR part 131 in keeping with section 218 (3) (b) of the Judiciary Law which requires the news media to file a request to engage in audio-visual coverage with the Presiding Judge. The filing of that request or application is not prohibited by Judiciary Law § 476-a or § 484 concerning unauthorized practice of law.
Section 218 of the Judiciary Law does not violate the separation of powers doctrine. It is permissive in nature, providing that "the chief judge of the state or his designee may authorize an experimental program in which presiding trial judges, in their discretion, may permit audio-visual coverage of * * * court proceedings, including trials.” (Judiciary Law § 218 [1].) Pursuant to the enabling statute, part 131 of the Rules of the Chief Administrator of the Courts (22 NYCRR) was adopted by the Chief Administrative Judge of the Courts and approved by the State Court of Appeals and the Administrative Board of the Courts.
The Federal Constitution does not prohibit broadcasting of a criminal trial over the objections of the defendant. (Chandler v Florida, 449 US 560 [1981].)
Accordingly, the defendant’s motion to prohibit media coverage of proceedings in this case is denied in all respects. The applications of WHEC-TV 10 and WHAM/WVOR Radio and Gannett Press for permission to conduct audio-visual coverage are granted.